Keith J. Miller
ROBINSON MILLER LLC
One Newark Center, 19th Floor
Newark, New Jersey 07102
Tel: (973) 690-5400
*kmiller@rwmlegal.com*

John P. Margiotta (*pro hac vice* application to be submitted)
Emily Weiss (*pro hac vice* application to be submitted)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel:  (212) 813-5900
*jmargiotta@fzlz.com*
*eweiss@fzlz.com*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VAN CLEEF & ARPELS, S.A. and VAN CLEEF & ARPELS, a division of RICHEMONT NORTH AMERICA, INC., <br><br>                              Plaintiffs, <br>     v. <br><br> THE GOLD TINKER INC., <br><br>                              Defendant. | Civil Action No. _____ <br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiffs Van Cleef & Arpels, S.A. and Van Cleef & Arpels, a division of Richemont North America (collectively "Van Cleef & Arpels," "VCA," or "Plaintiffs"), for its Complaint against defendant The Gold Tinker Inc. ("Defendant"), alleges as follows:

## SUBSTANCE OF THE ACTION

1. All of the claims asserted herein arise out of and are based on Defendant's unlawful promotion, distribution, and sale of expensive jewelry products that use imitations of Plaintiffs' federally registered trade dress.  Defendant advertises the jewelry in question as

{F2069556.1 }

genuine Van Cleef & Arpels products, but in fact they are imitation jewelry products that were not manufactured or authorized by VCA.

2.      Plaintiffs bring claims for trade dress infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and related claims of unfair competition and dilution under New Jersey law. Plaintiffs seek injunctive and monetary relief.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b).  Supplemental jurisdiction exists over Plaintiffs' state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

4.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant does business in, has substantial contacts with, resides in and/or may be found in the District of New Jersey.

5.      Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because, on information and belief, Defendant resides in this District and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

6.      Plaintiff Van Cleef & Arpels, S.A. is a corporation organized and existing under the laws of Switzerland, having a principal place of business at 8 Rue des Biches, 1752 Villars-sur-Glane, Switzerland.

7.      Plaintiff Van Cleef & Arpels, a division of Richemont North America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal

place of business at 645 Fifth Avenue, New York, New York 10022.  Van Cleef & Arpels, a division of Richemont North America, Inc., is the exclusive distributor of Van Cleef & Arpels products in the United States.

8. For the purposes of this Complaint, except where specified, the interests of Plaintiffs Van Cleef & Arpels, S.A and Van Cleef & Arpels, a division of Richemont North America, Inc. herein are as a practical matter identical, and they are herein referred to individually and collectively as "Van Cleef & Arpels," "VCA," or "Plaintiffs."

9. Upon information and belief, Defendant The Gold Tinker Inc. is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 24 Broad Street, Red Bank, New Jersey 07701.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**I.    VAN CLEEF & ARPELS' BUSINESS AND IP RIGHTS**

A. The VAN CLEEF & ARPELS Brand and Business

10. VCA is a world-famous supplier of fine jewelry sold under the VAN CLEEF & ARPELS brand name.  Since its inception in France in 1896, VCA and its predecessors-in-interest have been known for their innovative, high-quality fine jewelry.  VCA's products appeal to the luxury goods market and are considered extraordinarily fashionable.

11. VCA's products are sold only in company-owned stores, in authorized specialty retail stores, and in authorized premium department stores.  VCA currently operates eight boutiques under the VAN CLEEF & ARPELS name in the United States, including its famous New York City boutique located on the corner of 57th Street and 5th Avenue.

B. VCA's Alhambra Collection and Related Intellectual Property Rights

12. One of VCA's most well-known and sought-after jewelry designs is known as the "Alhambra." VCA's Alhambra collection was developed in France in the late 1960s and features a quatrefoil motif.

13. To this day, VCA offers a collection of jewelry based on its first Alhambra design, which is now referred to as the "Vintage Alhambra" collection to distinguish it from later variations on the original design. Examples from the Vintage Alhambra collection are pictured below:



14. Over time, VCA has introduced several variations of the original Alhambra design. One such variation is the "Magic Alhambra" collection. Examples from the Magic Alhambra collection are pictured below:

4



15. Each of the pieces in VCA's Vintage Alhambra and the Magic Alhambra collections incorporates a distinctive quatrefoil design composed of a unique combination of elements that collectively create a particular trade dress that is characteristic of VCA's Alhambra collections (the "Alhambra Trade Dress"). A close-up of an example of the Alhambra Trade Dress is depicted below:



16. The Alhambra Trade Dress cannot be described perfectly in words. However, the Alhambra Trade Dress consists of the configuration of a quatrefoil-shaped ornament comprising:

    1.    four identical lobes;

    2.    each lobe having a semicircular shape;

    3.    the lobes having both left-right and top-bottom symmetry;

    4.    an outer band;

5

{F2069556.1 }

    5.    having a constant width;

    6.    the outer surface of the band defining the contour of the ornament;

    7.    the inner surface of the band defining an inner or central portion;

    8.    having four identical cusps (inner points of the lobes) which extend about half way into the ornament;

    9.    the inner portion;

    10.    having a quatrefoil shape defined by the inner surface of the outer band; and

    11.    which is either hollowed out or made of a single filling material, such as mother of pearl, onyx, lapis, diamonds or metal, and may include a small centered jewel.

17.    For decades and continuing through today, VCA has made widespread and exclusive use of the iconic Alhambra Trade Dress.  VCA has invested a considerable amount of time, effort, and money advertising and promoting its jewelry and watch products bearing the Alhambra Trade Dress and has enjoyed enormous success selling such products in the United States and around the world.  Products bearing the Alhambra Trade Dress have received extensive unsolicited media coverage due to their innovative and distinctive design and their popularity with many high-profile celebrities.

18.    By virtue of extensive sales, advertising, and promotion, the Alhambra Trade Dress has become instantly recognizable to the public as exclusively denoting VCA and signaling the high quality of its products.  As such, the Alhambra Trade Dress has obtained secondary meaning and is an enormously valuable asset of VCA.

19. In addition to VCA's extensive and strong common law rights in the Alhambra Trade Dress, Plaintiff Van Cleef & Arpels, S.A owns the following trademark registrations:

| *Mark* | *Reg. No.* | *First Use* | *Registered Goods* |
|---|---|---|---|
|  | 4,326,883 | 1968 | Jewelry |
|  | 4,763,030 | 1968 | Jewelry; rings; pendants; earrings; necklaces; bracelets |

20. Printouts detailing the registration information for the above marks are attached hereto as <u>Exhibit A</u>. These registrations are all valid, subsisting, and in full force and effect.

## II. DEFENDANT'S UNLAWFUL ACTIVITIES

21. On information and belief, Defendant is in the business of offering for sale and selling jewelry products. Defendant operates a jewelry store in Red Bank, New Jersey called Goldtinker.

22. On information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported jewelry pieces that bear imitations of the Alhambra Trade Dress.

23. On August 27, 2016, VCA's agent visited Defendant's jewelry store in Red Bank, New Jersey. VCA's agent was told that a display case in the store contained pieces from Van Cleef & Arpels' Alhambra jewelry collections. VCA's agent observed necklaces, bracelets, earrings, and rings bearing the Alhambra Trade Dress, photographs of which are shown below:

{F2069556.1 }



24. Defendant was offering for sale these jewelry pieces for approximately $2,000 to $8,000.

25. Despite Defendant advertising the products shown above as genuine Alhambra jewelry pieces, VCA has determined that they are counterfeit pieces that were not manufactured or authorized by VCA.

26. Upon information and belief, such activities are being done willfully, with the knowledge that the jewelry being offered for sale by Defendant is not genuine Alhambra jewelry.

27. Defendant is not related to or affiliated with VCA in any way. Defendant has not sought or received a license or authorization from VCA for any purpose whatsoever, including for the acts described herein.

28. Defendant's sale of infringing products unlawfully wrests from VCA control over its reputation and, upon information and belief, is unjustly enriching Defendant.

{F2069556.1 }

29. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and its business and goodwill unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**
**INFRINGEMENT OF REGISTERED TRADE DRESS IN**
**VIOLATION OF 15 U.S.C. § 1114(1)**

30. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

31. The Alhambra Trade Dress is used in commerce, is non-functional and has acquired secondary meaning as the indicator of VCA as the exclusive source of products containing or incorporating such design.

32. Defendant has adopted the Alhambra Trade Dress and has, without VCA's authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress that is the subject of U.S. Registration Nos. 4,326,883 and 4,763,030 or designs that are confusingly similar thereto.

33. Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and VCA, and/or as to VCA's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

34. As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

{F2069556.1 }

36. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, VCA to sustain irreparable damage, loss, and injury, for which VCA has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF:**
**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**

37. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

38. The Alhambra Trade Dress is used in commerce, is non-functional and has acquired secondary meaning as the indicator of VCA as the exclusive source of products containing or incorporating such design.

39. Defendant has adopted the Alhambra Trade Dress and has, without VCA's authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry designs that contain or incorporate the Alhambra Trade Dress or designs that are confusingly similar thereto.

40. Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and VCA, and/or as to VCA's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

41. As a result of the foregoing, Defendant has falsely designated the origin of its products, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

43. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

{F2069556.1 }

## THIRD CLAIM FOR RELIEF:
## STATUTORY UNFAIR COMPETITION IN
## VIOLATION OF N.J.S.A. § 56:4-1 et seq.

44. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

45. Defendant's acts set out above constitute unlawful, unfair, or fraudulent business practices in violation of N.J.S.A. § 56:4-1 et seq.

46. By reason of Defendant's infringing activities, Defendant has damaged and caused irreparable harm to Plaintiffs and, unless restrained, will continue to damage and cause irreparable injury to Plaintiffs' goodwill and reputation.

47. Defendant's acts have injured and will continue to injure Plaintiffs by, among other things, siphoning customers, diluting Plaintiffs' distinctive marks, confusing customers, and injuring Plaintiffs' reputation.

48. On information and belief, Defendant has profited from its unlawful acts.

49. Plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## STATE TRADEMARK DILUTION IN
## VIOLATION OF N.J.S.A. § 56:3-13.20

50. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

51. Defendant's acts set out above are likely to dilute the distinctive quality of the VCA's Alhambra Trade Dress, in violation of N.J.S.A. § 56:3-13.20.

52. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

{F2069556.1 }

## FIFTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

53. Plaintiffs repeat and incorporate herein by reference each of the foregoing allegations.

54. Defendant has injured VCA by depriving it of sales of its genuine goods, by injuring its business reputation, and by passing off Defendant's goods as VCA's genuine products. Defendant's conduct is likely to confuse a prospective buyer or customer exercising ordinary caution in his dealings as to the origin, source, or sponsorship of Defendant's products, or to cause mistake or to deceive the public into believing that Defendant's goods originate with or are otherwise authorized by Plaintiffs.

55. Defendant's unauthorized use of the Alhambra Trade Dress is with full knowledge of VCA's prior use of that trade dress in the United States, with full knowledge of the substantial reputation and goodwill associated with VCA and the Alhambra Trade Dress, and with full knowledge that Defendant has no license or authority to use the Alhambra Trade Dress. By appropriating the enormous goodwill of the Alhambra Trade Dress, Defendant unjustly enriches itself and damages Plaintiffs.

56. Defendant's conduct constitutes unfair competition with Plaintiffs under the common law of New Jersey.

57. Defendant's aforesaid conduct of common law unfair competition has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1. Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

{F2069556.1 }

(a) Imitating, copying, or making unauthorized use of the Alhambra Trade Dress, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale, selling, distributing, importing, or exporting any products bearing the Alhambra Trade Dress or any other design that is confusingly similar to the Alhambra Trade Dress;

(b) Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with VCA or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with VCA, is a genuine product of VCA, or is authorized, licensed, sponsored, or otherwise approved by VCA;

(c) Engaging in any other activity constituting unfair competition with Plaintiffs, or constituting an infringement of the Alhambra Trade Dress;

(d) Engaging in any activity that dilutes, or is likely to dilute, the Alhambra Trade Dress; and

(e) Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(d) above, inclusive.

2. Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraphs 1(a)-(b) above, along with all articles by means of which such unauthorized copies may be reproduced.

3. Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(b) above, and that Defendant delivers up to Plaintiffs for destruction all materials returned to them.

4. Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. Granting Plaintiffs all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and that such sums be trebled.

6. Granting Plaintiffs all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above and that such sums be enhanced.

7. Granting Plaintiffs punitive damages.

8. Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

9. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

10. Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

Dated:  October 17, 2016                    ROBINSON MILLER LLC

                                            By: *s/ Keith J. Miller*
                                                Keith J. Miller
                                            One Newark Center, 19th Floor
                                            Newark, New Jersey 07102
                                            Tel: (973) 690-5400
                                            *kmiller@rwmlegal.com*

*OF COUNSEL:*

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
  John P. Margiotta
  Emily Weiss
866 United Nations Plaza
New York, New York 10017
Tel:  (212) 813-5900
*jmargiotta@fzlz.com*
*eweiss@fzlz.com*

*Attorneys for Plaintiffs*

15

{F2069556.1 }